**Mrs. A. H. EASTERLING et al., Appellants,**

**v.**

**Mary C. WILLIAMSON et vir, Appellees.**

No. 14926.

Court of Civil Appeals of Texas.

Dallas.

May 13, 1955.

Rehearing Denied June 17, 1955.

Holland & Moore, Athens, for appellants.

Justice & Justice, Athens, for appellees.

CRAMER, Justice.

Appellants' statement of the nature and result of the suit, agreed to by appellees, is as follows: "Mary C. Williamson, joined pro forma by her husband, Harvey W. Williamson, brought this suit against Mrs. A. H. Easterling, a feme sole, Margaret Biggs Moss and husband Joe F. Moss, Mary Bell Patterson and husband R. C. Patterson, Flora Webster Palmer and husband Dr. Bruce Palmer, and Smith Webster. The suit was filed as a trespass to try title suit with a special plea that plaintiffs had matured title to the land involved under the ten years statute of limitation, Vernon's Ann.Civ.St. art. 5510. The defendants answered by general denial and a plea of not guilty. Upon trial of the case the court entered judgment decreeing that plaintiffs recover of and from defendants the land involved. Defendants filed their motion for new trial on June 17, 1954, which was overruled by operation of law thirty days after being filed. This appeal was perfected by defendants from such overruling of their motion for new trial."

The common source of title to the land involved is R. C. Bristow et ux. R. C. Bristow died September 2, 1921, leaving a will in which he left his property one-third to his wife M. J. Bristow, and one-third to each of his two daughters by a former marriage, Willie E. Teague and Sarah E. Palmer.

The will was admitted to probate in 1921. Thereafter on July 24, 1924 Willie Teague and her husband Benton Teague were appointed guardians of the estate of M. J. Bristow, n. c. m. In the year 1924 Sarah E. Palmer died leaving two heirs (her daughters), Josie Wylie and Ray Stringfield. On January 16, 1925 M. J. Bristow, n. c. m., deeded the land involved to Willie Teague and Benton Teague. This deed was later, by judgment, declared void. See Teague v. Wylie, Tex.Civ.App., 110 S.W.2d 941, syl. 5.

M. J. Bristow died testate August 13, 1927. Her will was probated September 5, 1938. Such will provided that all of her property should go to Sarah E. Palmer and Willie E. Teague and their descendants. Willie Teague et vir conveyed the land involved by correct metes and bounds, but reciting 100 acres, not 160 acres, on October 5, 1927 to A. H. Easterling and J. K. Webster. On January 18, 1940 Willie E. Teague et vir conveyed the 160-acre tract of land to Josie Wylie and Ray Stringfield, reciting: "$1.00 cash in hand paid the receipt of which is hereby acknowledged and confessed and the further consideration of a settlement and an adjustment of our rights in the estate of Dr. R. C. Bristow and his wife Mattie Bristow. This land that we are herein conveying being part of Bristow estate, and the grantees herein are on this same date conveying to us certain other lands as our part, interest or share in the Bristow estate. Have Granted, Sold and Conveyed * * *."

There is evidence that the Stringfields and Wylies immediately occupied the land believing they had clear title thereto; that no one else so far as they knew claimed the land and they knew no one else who had a right to claim it. They claimed to be the sole and entire owners of the tract at all times after the deed to them from the Teagues, and claimed and occupied the property from the time of the deed, and under the deed, down to the time of the trial.

On September 17, 1945 Ray Stringfield et vir and Josie Wylie et vir conveyed the land to appellee Mary C. Rutherford, now Mary C. Williamson. There is also evidence that appellee Mary C. Williamson did not know of appellants' claim to the land until shortly before this action was filed.

Appellants here are successors in interest to A. H. Easterling and J. K. Webster. A. H. Easterling devised all his property to his wife. His wife conveyed her title to the property to her grand-daughter Margaret Biggs Moss. J. K. Webster, now deceased, during his lifetime conveyed all his interest to Mattie B. Webster, now deceased, who left surviving her as heirs at law, the other

appellants here, Mary Bell Patterson et vir, Flora Webster Palmer et vir, and W. S. (Smith) Webster.

Appellants' two points assert error in the trial court's rendering judgment, (a) awarding plaintiffs a recovery of the lands because the Teagues owned an undivided interest in the lands at the time of the deed from the Teagues to Easterling and Webster; (b) that plaintiffs recover the lands because the evidence fails to show plaintiffs had matured title thereto under the ten-year statute of limitation. Appellants' points are countered, (a) neither appellee nor her immediate predecessors in title were cotenants with appellants, and (b) appellee perfected title to the land by virtue of the ten-year statute of limitation. The points and counter-points will be considered together.

It is settled law that limitation does not run as between cotenants until actual or constructive notice is established by proper evidence, since generally possession of one cotenant is, until such notice, the possession of all cotenants,—cotenancy not being an estate but a relationship between the parties.

In order for one tenant in common to acquire title by limitation against another cotenant of a part or all of the common property, there must not only be adverse possession, but there must be an ouster of the cotenant not in possession, or a repudiation of such relationship with *actual or constructive notice* thereof to the cotenant out of possession. Republic Production Co. v. Lee, 132 Tex. 254, 121 S.W.2d 973.

Where a purchaser, as here, takes a deed from one or more tenants in common for the whole fee-simple estate and enters into possession of the whole, claiming title to the whole, the tenancy in common is terminated. Such act constitutes a disseizin of the grantor's cotenants and after the expiration of the statutory period bars the right of the grantor's cotenants to a recovery of the land. Welch v. Armstrong, Tex.Civ.App., 62 S.W.2d 335 (Ref.); Mc-

Burney v. Knox, Tex.Com.App., 273 S.W. 819.

The trial here was to the court without a jury and the court, as the trier of the facts, by his judgment found for appellees on the question of limitation. Such finding and judgment, being supported by evidence of the recording of the deed to the entire fee and appellees' peaceful and adverse holding under claim of title and under the recorded deed for more than ten years, settled all questions of fact necessary to appellees' recovery. For the reasons stated, the trial court's judgment is

Affirmed.